UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THE KALENCOM CORPORATION | CIVIL ACTION |
| VERSUS | NO: 17-05453 |
| ANNE MARIE MONTAGNE SHULMAN | SECTION: "H"(1) |

## ORDER AND REASONS

Before the Court is Defendant's Motion to Transfer Venue (Doc. 7). For the following reasons, the Motion is DENIED.

## BACKGROUND

This case arises out of a dispute between a former employer, The Kalencom Corporation ("Plaintiff"), and a former employee and independent contractor, Anne Marie Montagne Shulman ("Defendant"). Plaintiff worked for Defendant, a manufacturer of handbags, diaper bags, jewelry boxes, and packaging, for twenty-one years until February 2016. During the first two years of their business relationship, Defendant worked as an employee of Plaintiff at its offices in New Orleans. Thereafter, Defendant worked as an independent contractor for Plaintiff from her home in Atlanta, Georgia. Defendant provided Plaintiff with consulting services through various corporate entities that she owned or operated.

1

Plaintiff alleges that after their business relationship ended, Defendant misappropriated its proprietary information and used that information to take business away from Plaintiff. Specifically, Plaintiff accuses Defendant of taking its former client, Neiman Marcus. Plaintiff brings suit against Defendant for violation of trade secrets law, trade practice law, tortious interference with a business relationship, and breach of fiduciary duty.

Defendant filed the instant motion requesting that the case be transferred to the Northern District of Georgia, Atlanta Division, where she resides and works. Plaintiff, a New Orleans-based manufacturer, opposes this Motion.

## **LEGAL STANDARD**

Defendant argues that this Court should transfer this action pursuant to 28 U.S.C. § 1404, which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." As a threshold matter, it must be established that the transferee venue is one where the suit could have been brought.[1] Once that is established, the Fifth Circuit has held that courts should apply the public and private interest *forum non conveniens* factors enunciated by the Supreme Court in *Gulf Oil Corp. v. Gilbert* in determining whether good cause for venue transfer exists pursuant to § 1404(a).[2]

The private interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the

---

[1] *In re* Volkswagen of Am., Inc., 545 F.3d 304, 315 (5th Cir. 2008).
[2] *Id.*; *see* Gulf Oil Corp. v. Gilbert, 330 U.S. 501 (1947).

2

attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive."[3] The public interest factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law."[4] To overcome the plaintiff's choice of venue, the movant must show "good cause" or that the "transferee venue is clearly more convenient than the plaintiff's chosen venue."[5]

## LAW AND ANALYSIS

The parties do not dispute that the case could have been brought in the Northern District of Georgia, Atlanta Division. Accordingly, the Court may proceed directly to an analysis of the relevant factors. As outlined below, the factors indicate that transfer is not appropriate.

### 1. *Relative ease of access to sources of proof*

Defendant asserts that access to sources of proof is easier in the Northern District of Georgia, Atlanta Division because it is where the purported misappropriation of Plaintiff's information took place and where all of Defendant's documents pertaining to her past and present business activities are located. Defendant argues that any potential evidence that Plaintiff would need to prove its case would have to be located in Atlanta.

Plaintiff disagrees, claiming that it has the greater volume of documents relevant to litigation and that all of the confidential information at issue in

---
[3] *Id.*
[4] *Id.*
[5] Broussard v. First Tower Loan, LLC, 135 F. Supp. 3d 540, 544 (E.D. La. 2015).

3

this matter is located in New Orleans. Plaintiff also points out that because the Defendant states that she no longer has any of the Plaintiff's proprietary information, the majority of relevant litigation documents must be located in New Orleans.

In *In re Volkswagen*, the Fifth Circuit found that this factor weighed in favor of transfer because all of the documents and physical evidence relating to the accident at issue in that trial were in the proposed transferee venue.[6] "This analysis turns on which party will most probably have the greater volume of documents relevant to the litigation and their presumed location in relation to the transferee and transferor venues."[7] Here, it appears that relevant documentation is located in both venues. Defendant has not shown that a majority of the documents are located in Atlanta or that the documents in Atlanta are of a greater significance to the case. Accordingly, this factor is neutral.

### 2. *Availability of compulsory process over witnesses*

The next factor considers the subpoena power of both venues. Under the Federal Rules of Civil Procedure, courts have subpoena power to command the appearance of non-party witnesses for depositions or trial within "(A) 100 miles of where the person resides, is employed, or regularly transacts business in person; or (B) the state where the person resides, is employed, or regularly transacts business in person, if the person (i) is a party or a party's officer; or (ii) is commanded to attend a trial and would not incur substantial expense."[8] Accordingly, a trial subpoena to travel more than 100 miles is subject to a motion to quash that subpoena.[9] The Eastern District of Louisiana courthouse

---

[6] 545 F.3d at 316.
[7] *Broussard*, 135 F. Supp. 3d at 546.
[8] Fed. R. Civ. Pro. 45(c)(1).
[9] *See* Fed. R. Civ. Pro. 45(c)(3).

4

and the Northern District of Georgia, Atlanta Division courthouse are approximately 470 miles apart. Accordingly, witnesses from one district are not subject to compulsory service in the other.

Here, Plaintiff states that it will rely on the testimony of its current and former employees in New Orleans, as well as Neiman Marcus employees located in Dallas. Defendant states that she will rely on the testimony of her current customers and co-workers located in the Atlanta area, in addition to Neiman Marcus employees in Dallas. As a result, neither venue will have absolute subpoena power over either party or non-party witnesses. Therefore, this factor is neutral.[10]

### 3. *Cost of attendance for willing witnesses*

When examining the cost of attendance for willing witnesses, "the cost of attendance for non-party witnesses is entitled to greater weight."[11] For the court to allocate this weight, the moving party must "specifically identify the key witnesses and outline the substance of their testimony."[12]

Here, Defendant fails to specifically identify any non-party witnesses who would be inconvenienced by trial in the Eastern District of Louisiana. Defendant alludes to non-party witnesses being inconvenienced by traveling to New Orleans for trial but does not specifically state who the witnesses are. While it would be inconvenient for Defendant to travel to New Orleans for trial, it would be equally inconvenient for Plaintiff to travel to Atlanta. Further, any Neiman Marcus witnesses, located in Dallas, would face relatively equal travel expenses attending trial in either New Orleans or Atlanta. Because the Defendant has failed to show that the majority of key witnesses would benefit from having the trial take place in Atlanta, the Defendant has failed to meet

---

[10] *See* Foley v. Carthew, 1996 WL 221189, at *2 (E.D. La. Apr. 29, 1996).
[11] *Broussard*, 135 F. Supp. 3d at 547.
[12] *Id.*

5

her burden.[13] This factor supports maintaining venue in the Eastern District of Louisiana.[14]

### 4. All Other Practical Problems That Make Trial of a Case Easy, Expeditious and Inexpensive

Defendant's motion does not specifically address this factor, which takes into consideration "practical problems" with the current venue. Because this factor is not present in this case, it is neutral in determining venue.[15]

### 5. Administrative difficulties flowing from court congestion

The most recent federal judicial caseload profile shows that the Northern District of Georgia has less civil case filings per judgeship than the Eastern District of Louisiana (528 as opposed to 954 for the fiscal year ending on June 30, 2017).[16] Despite this, both districts have a nearly identical median resolution time for civil cases, from filing to disposition.[17] More importantly, the Eastern District has a much faster median filing-to-trial timeline than the Northern District.[18]

These facts indicate that although the Eastern District of Louisiana has more cases filed each year, it has appropriate resources to handle the caseload. Therefore, this factor weighs in favor of maintaining venue in the Eastern District.

### 6. Local interest in having localized controversy resolved at home

---

[13] *See id.*

[14] *See id.*

[15] *See* Doe v. Marine-Lombard, No. 16-14876, 2016 WL 6602572, at 3 (E.D. La. Nov. 8, 2016).

[16] UNITED STATES DISTRICT COURTS—NATIONAL JUDICIAL CASELOAD PROFILE (2017), *available a*t www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0630.2017.pdf.

[17] *Id.* The Eastern District's median resolution timeline is 5.9 months and the Northern District's is 5.8 Months. *Id.*

[18] *Id.* The Eastern District's median filing-to-trial timeline is 19.5 months while the Northern District's is 30 months. *Id.*

Defendant contends that the Northern District of Georgia has a "unique and compelling interest" in resolving this case because it involves a local defendant, whose rights to work and to compete against a former employer are at stake. Defendant adds that Georgia, in particular, has a strong public policy disfavoring restrictive covenants.

Plaintiff argues, on the other hand, that the Eastern District of Louisiana also has a "significant interest" in resolving this case, as it involves a local business attempting to protect its proprietary information and maintain fair business practices. Of course, it is possible that "multiple districts can have a local interest in a case."[19] Given that both Defendant and Plaintiff can claim local interest in their respective districts, this factor is neutral in determining venue.[20]

### *7. Familiarity of the forum with the law that will govern the case*

Defendant has not identified any way in which this Court might be unfamiliar with the law governing this case, nor has she "demonstrated that the resolution of Plaintiffs' claims will involve any thorny or unusual issues of state law."[21] Indeed, Defendant's Motion merely concludes that Georgia law should apply but does not discuss any way in which Georgia law differs from Louisiana law. "Where there are no differences between the relevant substantive laws of the respective states, there is no conflict, and a court need not undertake a choice of law analysis."[22] Therefore, this factor weighs in favor of maintaining venue in the Eastern District.[23]

---

[19] *Broussard*, 135 F. Supp. 3d at 548.
[20] *See Marine-Lombard*, 2016 WL 6602572, at *4.
[21] Seeberger Enterprises, Inc. v. Mike Thompson Recreational Vehicles, Inc., 502 F. Supp. 2d 531, 541 (W.D. Tex. 2007).
[22] R.R. Mgmt. Co. v. CFS La. Midstream Co., 428 F.3d 214, 222 (5th Cir. 2005).
[23] *See Marine-Lombard*, 2016 WL 6602572, at *4.

*8. Avoidance of unnecessary problems of conflict of law or in the application of foreign law*

Defendant fails to address this factor, and therefore, it is neutral.

After weighing both the private and public interest factors, it is apparent that Defendant has not met her burden to show that there is good cause to transfer this case to the Northern District of Georgia, Atlanta Division. Defendant has not shown that the Northern District of Georgia is clearly more convenient, and therefore venue shall be maintained in the Eastern District of Louisiana.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion to Transfer Venue is DENIED.

New Orleans, Louisiana this 4th day of January, 2018.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**