UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THE KALENCOM CORPORATION | CIVIL ACTION |
| VERSUS | NO. 17-5453 |
| ANNE MARIE MONTAGNE SHULMAN | SECTION A(1) |

### ORDER AND REASONS

Before the Court is The Kalencom Corporation's ("Kalencom") **Motion to Dismiss (Rec. Doc. 27)**. Defendant Anne Marie Montagne Shulman ("Shulman") opposes the motion (Rec. Doc. 32) and Kalencom has replied. (Rec. Doc. 36). The motion, set for submission on March 7, 2018, is before the Court on the briefs without oral argument. Having considered the motions and memoranda of counsel, the record, and the applicable law, the Court finds that Kalencom's **Motion to Dismiss (Rec. Doc. 27)** is **GRANTED in PART.**

    **I.**    **Background**

Kalencom brings the instant motion seeking to dismiss Shulman's counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6). This case arises out of a dispute between a former employer, Kalencom, and a former employee/independent contractor, Shulman. Kalencom is a manufacturer of diaper bags, handbags, jewelry boxes, packaging, and infant products. Shulman worked for two years as an employee at Kalencom's New Orleans office. Thereafter, Shulman moved to the Atlanta area and began providing consulting services for Kalencom as an independent contractor. Shulman worked for Kalencom a total of twenty-one years until February 2016.

Kalencom alleges that after their relationship ended, Shulman formed her own company through which she used Kalencom's confidential and proprietary information to her own benefit. Specifically, Kalencom accuses Shulman of using its proprietary and confidential information to obtain an order from its client, Neiman Marcus. Kalencom's claims of tortious interference with a business relationship under Louisiana and Georgia law were previously dismissed. (Rec. Doc. 20). However, Kalencom's breach of fiduciary duty claim and Kalencom's claims that Shulman violated the Louisiana Unfair Trade Secrets Act, the Georgia Trade Secrets Act, and the Louisiana Unfair Trade Practices Act all survived Shulman's motion to dismiss. *Id.*

In her Answer, Shulman includes the following counterclaims against Kalencom: (1) unfair trade practices under Louisiana law, (2) tortious interference with contract and business relations under Georgia and Louisiana law, and (3) defamation under Georgia and Louisiana law. Shulman's allegations stem largely from the accusations made against her in this lawsuit. Shulman alleges, *inter alia*, that Kalencom is interfering in her relationship with her current employer by attempting to enforce non-compete, non-disclosure, non-solicitations, and/or confidentiality agreements that do not exist. In sum, Shulman brings these claims alleging Kalencom is illegally interfering with her ability to freely practice her trade. Kalencom brings the instant motion seeking to dismiss those claims.

**II.     Legal Standard**

Under well-settled standards governing Rule 12(b)(6) motions to dismiss, a claim may not be dismissed unless it appears certain that the plaintiff cannot prove any set of facts that would entitle him to legal relief. *In re Supreme Beef Processors, Inc.*, 468 F.3d 248, 251 (5th Cir. 2006) (citing *Benton v. United States*, 960 F.2d 19 (5th Cir. 1992)). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its

face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 239 (5th Cir. 2009). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

A legally sufficient complaint need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Id.* In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal each element of the claim. *Lormand*, 565 F.3d at 257. If there are insufficient factual allegations to raise a right to relief above the speculation level, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, the claim must be dismissed. *Twombly*, 550 U.S. at 555.

### III. Law and Analysis

Kalencom argues that Shulman has failed to allege sufficient facts to support a claim for violation of unfair trade practices law under Louisiana law, tortious interference with contract and business relations under Georgia and Louisiana law, or defamation under Georgia and Louisiana law.

#### A. Violation of Louisiana's Unfair Trade Practices Act

Under the Louisiana Unfair Trade Practices Act ("LUTPA"), a plaintiff must show that the defendant used "(1) an unfair or deceptive trade practice declared unlawful; (2) that impact[ed] a consumer, business competitor[,] or other person to whom the statute grants a private right of

action; [and] (3) which has caused ascertainable loss." *Omnitech Intern., Inc. v. Clorox Co.*, 11 F.3d 1316, 1332 (5th Cir. 1994). "A trade practice is deemed unfair when it offends established policy and when the practice is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers . . . [or] business competitors." *Landreneau v. Fleet Fin. Grp.*, 197 F. Supp. 2d 551, 557 (M.D. La. 2002) (internal quotations omitted). Courts must decide what constitutes an "unfair trade practice" on a case-by-case basis. *Id.* (citing *Marshall v. Citicorp.*, 601 So.2d 669, 670 (La. App. 5 Cir. 1992)). LUTPA does not prohibit sound business practices, the exercise of permissible business judgment, or appropriate free enterprise transactions. *Id.* (citing *Moore Med. Clinic, Inc. v. Hosp. Corp. of Am.*, 522 So.2d 1362, 1365 (La. App. 2 Cir. 1988)).

Kalencom argues that Shulman's counterclaim fails to state a claim under LUTPA because: (1) Shulman's allegations in support of her LUTPA claim do not qualify as unfair trade practices, and (2) Shulman fails to provide specific allegations that she suffered an "ascertainable loss." (Rec. Doc. 27).

Kalencom contends that Shulman has not alleged facts sufficient to show that Kalencom has committed the sort of acts prohibited by LUTPA. Shulman has alleged that Kalencom made unsupported, false, and defamatory statements about Shulman to Shulman's former, current, or prospective customers and/or suppliers. Such allegations are sufficient to rise to the level of "fraud, misrepresentation, deception or other unethical conduct" required by LUTPA. Therefore, Shulman has sufficiently alleged Kalencom engaged in unfair trade practices.

Kalencom additionally argues that Shulman has failed to offer specific allegations that she suffered an "ascertainable loss" as required by Louisiana Revised Statute § 51:1409(A). Shulman alleges that she suffered loss of business opportunities, damages to her goodwill, reputation, and

4

esteem in the industry, mental anguish, and humiliation. These allegations are more than "general categories of alleged damages" as Kalencom argues. (Rec. Doc. 27, p. 5). Accordingly, Shulman has sufficiently set forth a claim against Kalencom under LUTPA.

### B. Tortious Interference with Contract and Business Relations Under Georgia and Louisiana Law

In order to establish a claim for interference with a business relationship under Louisiana law, a plaintiff must allege that defendant, beyond merely affecting plaintiff's business interests, "actually prevented plaintiff from dealing with a third party." *Bogues v. La. Energy Consultants, Inc.*, 71 So.3d 1128, 1135 (La. App. 2 Cir. 2011). "Louisiana courts have limited this cause of action by imposing a malice element, which requires that the plaintiff show the defendant acted with actual malice." *Id.* Actual malice "seems to require a showing of spite or ill will." *Id.* "In order to sustain a claim for tortious interference with business relations, actual malice must be pleaded in the complaint." *Id.*

"'Although its meaning is not perfectly clear, the malice element seems to require a showing of spite or ill will, which is difficult (if not impossible) to prove in most commercial cases in which conduct is driven by the profit motive, not by bad feelings. In fact, there appear to be no reported cases in which anyone actually has been liable for the tort.'" *JCD Mktg. Co. v. Bass Hotels & Resorts, Inc.*, 812 So.2d 834, 841 (La. App. 4 Cir. 2002) (quoting George Denegre, Jr., Shannon S. Holtzman, & John A. Lovett, *Tortious Interference and Unfair Trade Claims: Louisiana's Elusive Remedies for Business Interference*, 45 Loy. L. Rev. 395, 401 (1999)). "A plaintiff bringing a claim for tortious interference with business must ultimately show 'by a preponderance of the evidence that the defendant improperly influenced others not to deal with the

5

plaintiff.'" *Bogues*, 71 So.3d at 1134–35 (quoting *Junior Money*, 970 F.2d at 10); *accord Henderson v. Bailey Bark Materials*, 116 So.3d 30, 37 (La. App. 2 Cir. 2013).

Here, Shulman pleads that Kalencom has restricted and interfered with Shulman's ability to practice her trade with her new employer by enforcing non-disclosure, non-compete, non-solicitation and/or confidentiality agreements that Kalencom knows Shulman did not enter into and do not exist. (Rec. Doc. 25, ¶¶ 63–64). Shulman also pleads that Kalencom's "unlawful effort to effectively prevent [Shulman] from lawfully competing against it [has] been committed with malice." (Rec. Doc. 25, ¶ 68). While pleading malice is necessary for this tortious interference claim, Shulman fails to provide more than conclusory statements in support of her allegation that Kalencom is acting with malice. To properly maintain a claim for tortious interference with a business relationship, Shulman's malice accusation will need to provide more precise factual details concerning the acts or statements reflecting malice allegedly committed by Kalencom. Accordingly, Shulman's claim for tortious interference with a business relationship under Louisiana law is dismissed without prejudice, and Shulman may amend her counterclaim to the extent that it can add allegations of actual malice.

Shulman also alleges that Kalencom has "knowingly acted in contravention of its duty not to engage in an illegal restraint of trade, and has therefore intentionally and unlawfully interfered with [Shulman]'s contractual" relationship with her current employer and current or prospective customers and suppliers. *Id.* at ¶ 67. Louisiana law recognizes a narrow cause of action for intentional interference with a contract. In *9 to 5 Fashions, Inc. v. Spurney*, 538 So.2d 228 (La. 1989), the Louisiana Supreme Court held that an action for tortious interference with a contract could be maintained against a corporate officer if a claimant had a contract or legally protected interest with the officer's corporation, the officer knew of the contract, and the officer intentionally

6

and without justification caused the corporation to breach the contract and damage the plaintiff. *Id.* at 234. Louisiana courts have not expanded the limited scope of *Spurney* to other situations. *See Petrohawk Props., L.P. v. Chesapeake La., L.P.*, 689 F.3d 380, 395 (5th Cir. 2012) (discussing "the limited nature of Louisiana's claim for tortious interference with a contract").

Shulman's counterclaim for intentional interference with a contract fails to state a claim for relief. This Court recently acknowledged the narrow scope of intentional interference with a contract claim, and recognized that such a claim can only be brought when the alleged interference is committed by a corporate officer. *CG & JS Enterprises, LLC v. H&R Block, Inc.*, No. 14-1322, 2017 WL 5483763, at *6 (E.D. La. 2015). Shulman's claim does not allege the necessary elements because she is bringing her claim against the corporation itself (Kalencom), and the contract that is allegedly being breached is between Shulman and her current employer, not between the corporation (Kalencom) and a third person. Accordingly, Shulman's claim for tortious interference with a contract under Louisiana law is dismissed without prejudice, and Shulman may amend her counterclaim to the extent that it can allege the necessary elements for an intentional interference with a contract claim.

To recover on a claim of tortious interference with a contract or business relations under Georgia law, a plaintiff must prove the following elements: (1) improper action or wrongful conduct by the defendant without privilege; (2) the defendant acted purposely and with malice with the intent to injure; (3) the defendant induced a breach of contractual obligations or caused a party or third party to discontinue or fail to enter into an anticipated business relationship with the plaintiff; and (4) the defendant's tortious conduct proximately caused damage to the plaintiff. *Mabra v. SF, Inc.*, 728 S.E.2d 737, 739–40 (2012) (citations omitted).

The Court's finding that Shulman failed to properly plead the malicious intent requirement under Louisiana law also applies to its analysis of Shulman's claim for tortious interference with a contract or business relations under Georgia law. To properly maintain a claim for tortious interference with a contract or business relations under Georgia law, Shulman's malice accusation will need to provide more precise factual details concerning the acts or statements of malice allegedly committed by Kalencom. Accordingly, Shulman's claim for tortious interference with a contract or business relations under Georgia law is dismissed without prejudice, and Shulman may amend her counterclaim to the extent that it can add allegations of actual malice.

### C. Defamation

Shulman's final counterclaim alleges defamation under Georgia and Louisiana law. Shulman alleges two separate instances of defamation on the part of Kalencom. First, Shulman accuses Kalencom of "knowingly or negligently ma[king] unsupported, false, and defamatory statements against [Shulman] in this lawsuit regarding theft, dishonesty, and illegal conduct allegedly committed by [Shulman] in the course of her profession." (Rec. Doc. 25, ¶ 71). Second, Shulman accuses Kalencom of "knowingly or negligently ma[king] unsupported, false, and defamatory statements against [Shulman] to [Shulman]'s former, current, or prospective customers and/or suppliers regarding theft, dishonesty, and illegal conduct allegedly committed by [Shulman] in the course of her profession." *Id.* at ¶ 72.

Under Louisiana law, a claim of defamation has the following elements: "(1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault (negligence or greater) on the part of the publisher; and (4) resulting injury." *Trentecosta v. Beck*, 703 So.2d 552, 559 (La. 1997). The law denotes statements as defamatory *per se* when the statements "accuse another of criminal conduct, or which, by their very nature tend to injure one's

personal or professional reputation, even without considering extrinsic facts or surrounding circumstances." *Costello v. Hardy*, 864 So.2d 129, 140 (La. 2004) (citations omitted). In such a case, the elements of falsity, fault, and injury are presumed, but may be rebutted. *Id.*

As to Shulman's allegations that Kalencom's statements made in this lawsuit constitute defamation, the Court agrees with Kalencom. The Court need not look any further than Louisiana law holding that "an action for defamation arising out of allegations made in a judicial proceeding, and made against a party to those proceedings, cannot be brought until those proceedings are terminated." *5-Star Premium Finance, Inc. v. Wood*, No. 99-3705, 2000 WL 1678010, *1 (E.D. La. 2000) (citing *Ortiz v. Barriffe*, 523 So.2d 896, 898 (La. App. 4 Cir. 1988)). A party must be given the chance to prove the truth or falsity of their allegations before an opposing party can counterclaim for defamation and reputational harm. *Id.* (citing *Calvert v. Simon*, 311 So.2d 13, 15–16 (La. App. 2 Cir. 1975)). Shulman must wait until the conclusion of the instant litigation before bringing a defamation claim based on statements made by Kalencom in this lawsuit.

Shulman's second allegation of defamation stems from alleged statements that Kalencom made to Shulman's former, current, or prospective customers and/or suppliers. Kalencom argues that Shulman's allegations concerning such statements fail for a lack of specificity. Under Louisiana law, "a petitioner alleging a cause of action for defamation must set forth in the petition with reasonable specificity the defamatory statements allegedly published by the defendant." *Express Lien, Inc. v. Nationwide Notice Inc.*, No. 16-2926, 2017 WL 1091252, *2 (E.D. La. 2017) (citing *Badeaux v. Southwest Computer Bureau, Inc.*, 2005-0612, p. 10 (La. 3/17/06), 929 So.2d 1211, 1218.

Shulman argues that her allegations are sufficiently specific by accusing Kalencom of making "unsupported, false, and defamatory statements . . . against [Shulman] to [Shulman]'s

former, current, or prospective customers and/or suppliers regarding *theft, dishonesty, and illegal conduct* allegedly committed by [Shulman]." (Rec. Doc. 25, ¶¶ 72–74). In *Express Lien*, defamation claims were dismissed for lack of specificity when the plaintiff's allegations failed to provide information regarding who made the defamatory statements, how the alleged statements were communicated, the specific language of the alleged statements, or to whom the statements were made. *Express Lien*, at *2. The same situation is present here. Shulman's defamation claim fails to give the names of any individuals or entities to whom the alleged defamatory statements were made. Moreover, Shulman provides no information as to how the defamatory statements were made nor regarding the specific language of the alleged defamatory statements. In fact, the plaintiff in *Express Lien* was at least able to provide a time frame for when the alleged defamatory statements took place. Such an allegation is absent from Shulman's counterclaim in the instant case.

Accordingly, Shulman's claim for defamation under Louisiana law is dismissed without prejudice. Shulman may amend her counterclaim to the extent that it can allege with specificity the alleged defamatory statements made by Kalencom.

Under Georgia law, there are four elements to a defamation claim: "(1) a false and defamatory statement concerning the plaintiff; (2) an unprivileged communication to a third party; (3) fault by the defendant amounting at least to negligence; and (4) special harm or the actionability of the statement irrespective of special harm." *Smith v. DiFrancesco*, 802 S.E.2d 69, 72 (Ga. App. 2017). The Court agrees with Kalencom's assertion that relevant allegations made in connection with ongoing litigation, which are pertinent to the relief sought, are privileged. Because the communication made to a third party must be unprivileged, Shulman's defamation claim based on Kalencom's allegations in the instant litigation fails under Georgia law.

As to Shulman's allegations that Kalencom made defamatory statements to Shulman's "former, current, or prospective customers and/or suppliers," the Court agrees that Shulman's allegations are not sufficiently specific under Georgia law. The principal concern of Georgia courts in pleading defamation is giving the defendant facts concerning the claim that are sufficient to provide the defendant with notice of both the content of the allegedly defamatory statements and the context in which those statements were made. *Wylie v. Denton*, 746 S.E.2d 689, 697 (Ga. App. 2013) (citing *Benedict v. State Farm Bank, FSB*, 709 S.E.2d 314 (Ga. App. 2011) (a complaint must contain "enough detail to afford the defendant . . . a fair opportunity to frame a responsive pleading") (citations omitted)).

Accordingly, Shulman's claim for defamation under Georgia law is dismissed without prejudice. Shulman may amend her counterclaim to the extent that it can allege with specificity the alleged defamatory statements made by Kalencom.

Accordingly;

IT IS ORDERED that Kalencom's **Motion to Dismiss (Rec. Doc. 27)** is **GRANTED in PART.** Shulman's claims for tortious interference with contract and business relations under Georgia and Louisiana law and Shulman's claims for defamation under Georgia and Louisiana law are **DISMISSED WITHOUT PREJUDICE.** Shulman may amend her counterclaims within 20 days of this Order to the extent that it can remedy the deficiencies identified herein.

April 11, 2018

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE